IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA ROHRBAUGH, | No. 4:18-CV-00887 |
| Plaintiff, | (Judge Brann) |
| v. | |
| NANCY BERRYHILL, | (Magistrate Judge Saporito) |
| *Acting Commissioner of Social Security*, | |
| Defendant. | |

# **ORDER**

**April 30, 2019**

This matter is an action for social security benefits which have been denied by both the Acting Commissioner of Social Security, and prior to that by an administrative law judge. Plaintiff filed the instant action on April 25, 2018, and it was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

---

[1] 28 U.S.C. 636(b)(1)(B).

[2] 28 U.S.C. 636(b)(1).

On April 12, 2019, Magistrate Judge Joseph F. Saporito, Jr., to whom this matter is jointly assigned, issued a well-written and thorough report and recommendation recommending that I affirm the decision of the Commissioner of Social Security denying Plaintiff social security benefits.

Plaintiff filed her objections to the report and recommendation on April 26, 2019. When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[3] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent that it deems proper.[4] For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[5] Regardless of whether timely objections are made by a party, the District Court may accept, not

---

[3] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.2011).

[4] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[5] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[6]

Because I write solely for the parties, I will not restate the facts, but will instead adopt their recitation as set forth by the magistrate judge. I have conducted a de novo review here and found no error. Plaintiff's objections here are merely restatements of her prior arguments that have been previously and correctly addressed by the magistrate judge. In short, to her first objection that substantial evidence did not support the administrative law judge's evaluation as to Plaintiff's non-severe impairments, the magistrate judge deftly addressed this argument on pages 20-22 of his report and recommendation. As to Plaintiff's second objection that the administrative law judge erred in applying Social Security Regulation 16-3p, specifically in analyzing Plaintiff's own statements regarding her symptoms, the magistrate judge fully and correctly addressed this argument on pages 5-9 and 23-29 of his report and recommendation.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito, Jr.'s April 12, 2019 Report and Recommendation, ECF No. 12, is **ADOPTED in full**.

2. The decision of the Commissioner of Social Security is **AFFIRMED**.

---

[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

3. Final Judgment is entered in favor of Defendant and against Plaintiff pursuant to Fed. R. Civ. P. 58 and sentence four of 42 U.S.C. § 405(g).

4. The Clerk is directed to close the case file.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge